# EXHIBIT A

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON         1/16/2020
By         /s/ Rjay Dominia
           Deputy Clerk

JOSEPH EHRLICH - #84359
MARK R. MEYER - #238231
Losch & Ehrlich - Attorneys at Law
425 California Street, Suite 2025
San Francisco CA 94104
Telephone:     (415) 956-8400
Facsimile:     (415) 956-2150
Email:         je@losch-ehrlich.com
Attorneys for Defendant
Tangle, Inc.

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN MATEO

| | |
|---|---|
| Tangle, Inc., <br><br>                Plaintiff, <br><br>        v. <br><br> John W. Carpenter <br><br>                Defendant. | Case No. 20-CIV-00327 <br><br> COMPLAINT <br><br><br> DEMAND FOR JURY TRIAL |

Plaintiff Tangle, Inc. alleges as follows:

### INTRODUCTION

1. Plaintiff Tangle, Inc. (Tangle) makes various toy products inspired by Richard Zawitz original "Tangle Sculpture," including a hollow plastic football.

2. Tangle's headquarters is in the County of San Mateo.

3. In 2015, Tangle was concerned that a competitor, Magic Time, had introduced a "knock-off" product and sent a letter to a retailer suggested it should cease selling the competitors product.

4. In response, on April 11, 2015, Magic Time filed suit against Tangle in Arizona alleging Tangle's letter was wrongful. Upon review of the suit and Tangle's intellectual property by counsel, a fair evaluation of the facts and legal theories indicated that while the products had a similar look and feel of close competitors, Tangle did not currently have a viable claim for patent infringement or trade dress infringement. At the same time, Magic Time had a potentially viable claim for interference with its business. By the end of May 2015, Tangle and Magic Time were

COMPLAINT                                                                                      1

1. able to negotiate a settlement agreement in which Tangle and Magic Time would mutually release each other from all claims.

5. Shortly before final execution of the agreement, Tangle's owner, Mr. Zawitz, met Defendant John W. Carpenter ("Carpenter"), an individual and attorney representing himself as a person qualified to perform legal work in California and an expert in intellectual property law.

6. Carpenter told Mr. Zawitz not to sign the settlement. Carpenter held up the products and said Magic Time had clearly knocked-off Tangle's product and told him, "I can win this case." Tangle had a design patent, but not a utility patent. Carpenter told Mr. Zawitz that Carpenter would obtain a utility patent and this would allow for success in litigation.

7. Based upon Carpenter's clear, confident, and professional assertions that Carpenter would be able to obtain a patent and enforce it against Magic Time, Mr. Zawits retained Carpenter and did not execute the settlement agreement.

8. To encourage Mr. Zawits not to compromise and retain Carpenter, Carpenter also told Mr. Zawitz: "Richard, if you do not stop [Magic Time] **now** he will proceed to steal **all** of your products and customers."

9. Coercing Mr. Zawits to continue, Carpenter filed and perused a new action in the Northern District of California against Magic Time claiming infringement and proceeded to bill Tangle for an excessive and unreasonable number of hours. For example, Carpenter charged $58,000 related to drafting the complaints filed in California that were little more than recitations of the relevant elements that any attorney could have drafted in one-tenth the time.

10. The attorney-client relationship required Carpenter to only bill for hours actually spent on the work and to only bill a reasonable amount. A comparison of the time spent with the work product demonstrates Carpenter did not bill a reasonable amount.

11. A year after taking over the case with promises that he could succeed, Carpenter failed to obtain a utility patent or without any progress in either case. After paying over $60,000 to Carpenter, Tangle had an outstanding bill for another $115,000, there was no realistic prospect of recovery or success. Carpenter had no success at the patent office and had not been able to move either the complaint past the pleadings.

12. Carpenter misrepresented his ability to obtain a utility patent and either was not skilled in the relevant area of law or was misrepresenting the time billed. In either case, the billing practices were unreasonable, and Tangle terminated the representation.

13. Carpenter waited until Tangle could no longer file a claim for malpractice against him, and then petitioned for arbitration with the San Francisco Bar Association. Under the rules of the arbitration proceeding, claims for malpractice or fraud may not be considered. On December 20, 2019, the panel of arbitrators mailed its decision to Tangle.

14. Pursuant to Business and Professions Code section 6204, Tangle now rejects the arbitration award and seeks a trial de novo and to assert all claims and defenses available against the claims of Carpenter.

## FIRST CAUSE OF ACTION

Trial De Novo Pursuant to Cal. Bus. & Prof., Code, § 6204

Against Carpenter

15. All prior allegations are hereby incorporated by reference to the extent necessary to state a cause of action. Any allegations herein inconsistent with prior allegations are explicitly intended to be pled in the alternative.

16. Carpenter filed a claim for arbitration against Tangle pursuant to California Business and Professions Code section 6200 et seq.

17. The arbitration was nonbinding.

18. The arbitrators issued a written decision.

19. No other action is pending and Tangle now initiates trial after arbitration by the commencement of an action in the court having jurisdiction over the amount of money in controversy within 30 days after service of notice of the award.

20. After the filing of this action, the action shall proceed in accordance with the provisions of Part 2 (commencing with Section 307) of the Code of Civil Procedure, concerning civil actions generally.

## SECOND CAUSE OF ACTION

Breach of Written and Implied Contract and Duty of Good Faith

Against Carpenter

21. All prior allegations are hereby incorporated by reference to the extent necessary to state a cause of action. Any allegations herein inconsistent with prior allegations are explicitly intended to be pled in the alternative.

22. Tangle retained Carpenter as its attorney.

23. Carpenter expressly or implicitly agreed to provide competent legal advice and work in good faith and at a reasonable fee. Attorneys are prohibited from charging unconscionable fees. (Rules of Professional Responsibility, rule 4-200(A).)

24. Carpenter falsely represented that he had the ability to obtain results that other attorney's could not. He represented that he could a utility patent, when it was not possible. He represented that he could file a successful action for trade dress infringement without considering the high bar necessary for proving the required elements.

25. At the end of Carpenter's representation, nothing had been accomplished and Tangle entered into a settlement agreement substantially the same as had been on offer the year prior.

26. Carpenter took advantage of Tangle's fears by claiming Carpenter could do what other attorneys could not and suggesting Tangle's business was in jeopardy if Tangle did not agree to go along.

27. Carpenter billed for hours that were simply not reasonable for the work allegedly performed.

28. As a result of these breaches of contract, Tangle did not receive value from the representation by Carpenter and has been damaged in the amount of funds paid to Carpenter and Carpenter's associates and Tangle has no further liability to Carpenter.

SECOND CAUSE OF ACTION

Fraud

Against Carpenter

29. All prior allegations are hereby incorporated by reference to the extent necessary to state a cause of action. Any allegations herein inconsistent with prior allegations are explicitly intended to be pled in the alternative.

30. Prior to and after retaining Carpenter, Carpenter verbally told to Richard Zawitz as a professional

that he would be able to obtain a utility patent that would then lead to success against Magic Time. This statement was false and Carpenter knew it was false or knew that he lacked any basis for making this statement at the time he made the statement to Zawitz. The truth was that the product was not eligible for a utility patent and any attorney experienced in the field would have known this fact.

31. Carpenter verbally told to Richard Zawitz that the trial of the infringement claim would be easy, because it only required a visual comparison of the two products for anyone to see the Magic Time project was an infringing knock-off. This statement was false and Carpenter knew it was false or knew that he lacked any basis for making this statement at the time he made the statement to Zawitz. The truth was that any infringement case would require demonstrating actual public knowledge and confusion regarding the products, entailing significant expensive and doubtful surveys of the public. Carpenter concealed from Tangle essential facts necessary to reevaluate whether to retain Carpenter.

32. As a result of these misrepresentations, Tangle retained Carpenter. Tangle did not receive any value from the representation by Carpenter and has been damaged in the amount of funds paid to Carpenter and Carpenter's associates and Tangle has no further liability to Carpenter.

THIRD CAUSE OF ACTION

Assumpsit; Unconscionable Fees; Unjust Enrichment

Against Carpenter

33. All prior allegations are hereby incorporated by reference to the extent necessary to state a cause of action. Any allegations herein inconsistent with prior allegations are explicitly intended to be pled in the alternative.

34. Carpenter expressly or implicitly agreed to provide competent legal advice and work in good faith and at a reasonable fee. Attorneys are prohibited from charging unconscionable fees. (Rules of Professional Responsibility, rule 4-200(A).) An unconscionable fee has been defined as exorbitant and wholly disproportionate to the services performed. (*Bushman v. State Bar* (1974) 11 Cal.3d 558, 563.) Unconscionable fees may also involve fraud, overreaching or other misconduct by the attorney that effectively constitutes an appropriation of the client's funds

under the guise of being fees. (*Warner v. State Bar* (1983) 34 Cal.3d 36, 43.)

35. Carpenter falsely represented that he had the ability to obtain results that other attorney's could not. He represented that he could a utility patent, when it was not possible. He represented that he could file a successful action for trade dress infringement without considering the high bar necessary for proving the required elements.

36. At the end of Carpenter's representation, nothing had been accomplished and Tangle entered into a settlement agreement substantially the same as had been on offer the year prior.

37. Carpenter took advantage of Tangle's fears by claiming Carpenter could do what other attorneys could not and suggesting Tangle's business was in jeopardy if Tangle did not agree to go along.

38. Carpenter billed for hours that were simply not reasonable for the work allegedly performed.

39. Tangle did not receive value from the representation by Carpenter and has been damaged in the amount of funds paid to Carpenter and Carpenter's associates and Tangle has no further liability to Carpenter.

## PRAYER FOR RELIEF

WHEREFORE, Complaining Party prays for trial by jury and judgment as follows:

1. For general and specific compensatory damages according to proof, and estimated to be not less than $50,000.
2. For compensation in the amount of unjust enrichment.
3. For restitution.
4. For interest.
5. For costs of suit.
6. For such other and further relief as the court may deem proper.

Dated: 1/16/2020

LOSCH & EHRLICH

By: /s/ Joseph Ehrlich
Joseph Ehrlich
Mark R. Meyer
Attorneys for
Tangle, Inc.
COMPLAINT                                                                                                              6

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
John W. Carpenter

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Tangle, Inc.



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
Electronically FILED
by Superior Court of California, County of San Mateo
ON 1/16/2020
By /s/ Rjay Dominia
Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: Superior Court of California, County of San Mateo
*(El nombre y dirección de la corte es):*
Southern Branch: Hall of Justice
400 County Center, Redwood City, CA 94063

CASE NUMBER: *(Número del Caso):*
**20-CIV-00327**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Ehrlich, 425 California Street, Suite 2025, San Francisco, CA 94104, (415) 956-8400

DATE: 1/16/2020          Neal I. Taniguchi    Clerk, by    /s/ Rjay Dominia         , Deputy
*(Fecha)*                                      *(Secretario)*                         *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [ ] on behalf of *(specify)*:
   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Joseph Ehrlich (#84359); Mark R. Meyer (#238231)<br>Losch & Ehrlich - Attorneys at Law<br>425 California Street, Suite 2025<br>San Francisco, CA 94104<br>TELEPHONE NO.: (415) 956-8400   FAX NO.: (415) 956-2150<br>ATTORNEY FOR (Name): Tangle, Inc. | **Electronically FILED** by Superior Court of California, County of San Mateo<br>ON 1/16/2020<br>By /s/ Rjay Dominia<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern Branch: Hall of Justice

CASE NAME:
Tangle, Inc. v. John W. Carpenter

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 20-CIV-00327 |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☑ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel  e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence           f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☐ monetary  b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify):
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 16, 2020
Joseph Ehrlich
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2