Joseph Ehrlich - #84359
Mark R. Meyer - #238231
Losch, Ehrlich & Meyer
750 Battery Street, Suite 700
San Francisco, CA 94111
(415) 956-8400
Email: je@losch-ehrlich.com
       mm@losch-ehrlich.com

Attorneys for Plaintiff
Tangle, Inc.

Victoria E. Brieant (CA Bar No. 141519)
Law Office of Victoria E. Brieant, P.A.
4000 Ponce de Leon Boulevard, Suite 470
Coral Gables, FL 33146
Telephone: (305) 413-9026
Email: victoria@brieantlaw.com

Attorney for Defendant
John W. Carpenter

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# (OAKLAND DIVISION)

| | |
|---|---|
| **Tangle Inc**.,<br><br>                    Plaintiff,<br><br>        v.<br><br>**Law Offices of John W. Carpenter, LLC,**<br><br>                    Defendant. | Case No.: 4:20-cv-00644-KAW<br><br>**STIPULATED JOINT RESPONSE TO ORDER TO SHOW CAUSE (DKT NO. 17) AND PROPOSED ORDER** |

Defendant John W. Carpenter ("Mr. Carpenter") and Plaintiff Tangle, Inc., and their attorneys, respectively, Victoria E. Brieant of the Law Office of Victoria E. Brieant, P.A. and Joseph Ehrlich and Mark Russell Meyer of the firm Losch, Ehrlich & Meyer, respectfully submit this joint response to the Order to Show Cause (Dkt No. 17), informing the Court that an agreement to settle this matter has been reached in principal and is being documented, and requesting that the Court vacate the Order to Show Cause for good cause, for the following reasons:

1. On January 16, 2020, Tangle, Inc. filed a complaint against John W. Carpenter in the Superior Court of California, San Mateo County, Case No. 20-CIV-00327 ("the San Mateo Action").

2. On January 29, 2020, John W. Carpenter removed the San Mateo Action to the U.S. District Court for the Northern District of California, where it is Case No. 4:20-cv-00644-KAW ("this Action").

3. On March 3, 2020, Carpenter filed a motion to dismiss this Action. On March 5, 2020, this Action was transferred from Magistrate Judge Joseph C. Spero to Magistrate Judge Kandis A. Westmore, which had the effect of vacating the briefing schedule for the motion.

4. By agreement between the parties for the express purpose of giving time to the parties to discuss settlement and to conserve the resources that would have been spent on briefing and possibly appearing at a hearing on the motion to dismiss, Carpenter did not re-notice his motion to dismiss.

5. Just a couple of weeks later, the Covid-19 Pandemic Emergency Orders were issued, which interfered with the ability of the counsel and parties in this matter to proceed as quickly as

they otherwise would have.  For example, the law office for plaintiff is located in San Francisco and was closed.  Plaintiff's counsel were not initially able to work as well remotely as they would have liked.  Plaintiff's office is located in South San Francisco and was also closed, which created many burdensome issues for the plaintiff.  Both of these closures made it more difficult for Tangle, Inc. to prepare, obtain approval for, and file an opposition if they had been required to do so in April and May while the closures were in effect.  In additional, Mr. Carpenter is 77 years old, the owner of Tangle, Inc. is in his 70s, Mr. Carpenter's counsel, Victoria E. Brieant, and Tangle's counsel are both more than 60 years old.  Both principals of the parties and both sets of counsel observed the shelter-at-home restrictions, which made it more difficult to focus on the settlement discussions and would have made it more difficult to prepare the briefing that would have followed re-noticing the motion to dismiss.  As a results, the parties' settlement discussions were dramatically slower than they would have been if counsel and the parties had not been operating under these restrictions.

6. As part of the settlement discussions, the parties preferred to put their resources into settlement instead of briefing on the opposition and reply briefing.  The parties did not mean any disrespect to the Court and apologize if their actions were perceived in that manner.

7. Settlement was facilitated by the parties and their counsel deferring the investment of time and money in the briefing that would have followed re-noticing of the motion to dismiss.

8. Late on Friday, June 5, 2020, the parties reached an agreement in principle for settlement and are exchanging drafts of the documentation.  The Settlement moots Carpenter's motion to dismiss.

9. The parties and counsel expect to submit proposed orders to the Court regarding this case and the related case prior to the August 11, 2020 deadline to submit the Case Management Conference Statements in this and the related case and ask the Court's forbearance to allow us to complete the settlement documentation process.

10. The parties jointly request the Court to vacate the Order to Show Cause.

Counsel for Tangle, Inc. has authorized counsel for Law Offices of John W. Carpenter, LLC to file this Joint Response on its behalf.

Dated: June 10, 2020                    Respectfully submitted,

By: /s/ Victoria E. Brieant
Victoria E. Brieant (CA Bar No. 141519)
Law Office of Victoria E. Brieant
4000 Ponce de Leon Boulevard, Suite 470
Coral Gables, FL 33146
Telephone: (305) 413-9026
Email: victoria@brieantlaw.com

Attorney for Plaintiff
Law Offices of John W. Carpenter, LLC

By: /s/ Joseph Ehrlich
Joseph Ehrlich - #84359
Mark R. Meyer - #238231
Losch Ehrlich & Meyer
750 Battery Street, Suite 700
San Francisco, CA 94111
(415) 956-8400
Email: je@losch-ehrlich.com
       mm@losch-ehrlich.com

Attorneys for Defendant
Tangle, Inc.

~~PROPOSED~~ ORDER

This matter having come before the Court on the Stipulated Joint Response to this Court's Order to Show Cause (Dkt. No. 17), for good cause shown, the Order to Show Cause is hereby ~~vacated.~~ DISCHARGED. The pending motion to dismiss is TERMINATED as moot.

The parties shall have until August 11, 2020, to file ~~an appropriate proposed order regarding the settlement of this matter~~ a dismissal.

IT IS SO ORDERED.

Dated: June 11, 2020.

*Kandis Westmore*
HONORABLE KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE